***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted October 6, 2022, affirmed June 14, 2023

Todd TRAUTNER,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
Oregon Health Authority, and
Oregon State Hospital,
*Defendants-Respondents,*

*and*

Greg ROBERTS,
an individual,
*Defendant.*

Marion County Circuit Court
19CV15020; A175542

David E. Leith, Judge.

Elizabeth Farrell filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondents.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals from a general judgment of dismissal entered after the trial court granted summary judgment to defendants. For the following reasons, we affirm.

Plaintiff asserted employment discrimination and retaliation claims, ORS 659A.112 and ORS 659A.109 ("the employment statutes"), and a breach of contract claim after the failure of the parties' contract negotiations for plaintiff to fill a position as a peer support specialist to help patients transition out of the Oregon State Hospital. For the employment statutes to apply, plaintiff had to establish that he was negotiating to become defendant's employee, not for a position as an independent contractor. The trial court granted summary judgment to defendants on the employment discrimination and retaliation claims, concluding that the employment statutes did not apply because the undisputed facts established that the parties were not negotiating an employer-employee relationship. The trial court also granted summary judgment on the breach of contract claim, concluding that the parties had not agreed on all material terms of a contract.

On appeal, plaintiff asserts two assignments of error, contending that the trial court erred when it granted defendants' summary judgment motion.

"We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (internal quotation marks omitted). No genuine issue of material fact exists if, viewing the evidence in the light most favorable to the nonmoving party "no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." ORCP 47 C.

In his first assignment of error, plaintiff contends that the trial court erred when it concluded that he had not applied for a position as defendants' employee. "Whether a party has the legal status of employee, or employer, is a

question of law." *McClusky v. City of North Bend*, 308 Or App 138, 142, 481 P3d 431 (2020), *rev den*, 368 Or 37 (2021). That conclusion "depends on a factual determination of the extent to which the purported employer has the right to control the performance of services by the individual." *Schaff v. Ray's Land & Sea Food Co., Inc.*, 334 Or 94, 99-100, 45 P3d 936 (2002). Whether a party possesses a "right to control" is also a question of law. *McClusky*, 308 Or App at 142.

Here, the facts in the record viewed in the light most favorable to plaintiff are insufficient to establish, as a matter of law, that defendant would have the right to control plaintiff's performance. Although plaintiff asserted that defendant wanted him to attend a new employee orientation and would have provided him a computer and access to vehicles, plaintiff provided no details about the content of the orientation or any information about the scope of defendant's control of his future use of a computer and a state vehicle. On this record, the jury would have to engage in impermissible speculation to reach a conclusion that defendant had the right to control plaintiff's work. *See A. B. v. The Oregon Clinic*, 321 Or App 60, 76, 515 P3d 387 (2022) ("*multiple* reasonable inferences may be drawn from the evidence, but those inferences must still be reasonable and not speculative" (emphasis in original)). Accordingly, the trial court did not err in granting summary judgment on these claims. *See Schaff*, 334 Or at 103 (explaining that "[i]f the facts and any reasonable inferences that a jury could draw from those facts would not support a conclusion that the putative employer had the right to control the putative employee's work performance, then there is no triable issue of fact ***").

In plaintiff's second assignment of error, he asserts that because the parties had mutual assent on all material terms, the trial court erred by concluding that no contract existed as a matter of law.[1] We disagree. Viewing the record in the light most favorable to plaintiff, no reasonable juror could determine that the parties reached an agreement on

---

[1] We note that plaintiff advances a promissory estoppel argument and frames that argument as a response to the statute of frauds. However, we do not understand that the trial court relied on the statute of frauds when granting summary judgment. Accordingly, we do not engage this argument further.

material terms in a contract, especially given that plaintiff himself testified that the parties had not reached an agreement about the rate of pay at the time defendant ended the contract negotiations. *See Baldwin and Baldwin*, 215 Or App 203, 208, 168 P3d 1233 (2007) (explaining that a contract does not exist unless parties agree on material terms and that a term is material "when it goes to the substance of the contract and, if breached, defeats the object of the parties in entering into the agreement" (internal quotation marks omitted)). Accordingly, the trial court did not err in granting summary judgment on plaintiff's breach of contract claim.

Affirmed.